**KOLLER LAW LLC**
David M. Koller, Esquire (PA 90119)
Jordan D. Santo, Esquire (PA 320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIRA THOMAS,** | : | |
| **52 Hillary Circle** | : | **Civil Action No.** |
| **New Castle, DE 19720** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **COMPLAINT AND** |
| | : | **JURY DEMAND** |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY,** | : | |
| **200 W Wyoming Avenue** | : | |
| **Philadelphia, PA 19140** | : | |
| | : | |
| **1234 Market Street** | : | |
| **Philadelphia, PA 19107** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Amira Thomas (hereinafter "Plaintiff"), by and through her attorney, brings this

civil matter against Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter,

"SEPTA" or "Defendant"), alleging she was subject to unlawful violations of Title VII of the

Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act

("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"), and avers and alleges as

follows:

1

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual domiciled in the above captioned address.

3. Defendant is a public transportation authority with a location at 200 W Wyoming Avenue, Philadelphia, PA 19140 and with a corporate headquarters located at 1234 Market Street, Philadelphia, PA 19107.

4. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes and was a covered entity.

5. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in the judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>**

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under Title VII, the PHRA and the PFPO.

14. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), signed June 30, 2025, alleging race discrimination, sexual harassment and retaliation against Defendant.

15. The Charge was assigned a Charge Number of 530-2025-07533 and Plaintiff requested the charge be dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") and that Notice is dated February 4, 2026. Plaintiff received the notice by electronic mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff is a Black female.

22. On or about October 8, 2001, Defendant hired Plaintiff in the position of Bus Operator.

23. Plaintiff was well qualified for her position and performed well.

24. In or around January 2017, Defendant promoted Plaintiff to the position of Transportation Manager.

25. Plaintiff was well qualified for her position and performed well.

26. Shortly after Plaintiff began as a Transportation Manager, Michael D'Agostino (Caucasian), then Transportation Assistant Director and current Transportation Director, spoke to Plaintiff in a rude and condescending manner.

27. Plaintiff noticed that D'Agostino did this to other Black Transportation Managers.

28. However, D'Agostino did not treat Caucasian Transportation Managers in a similar manner and was significantly more cordial with them.

29. In addition, D'Agostino made numerous comments about Plaintiff's vehicle about how it was a nice car and repeatedly asked her if she owned it.

30. D'Agostino commented how he drove a Corolla and how he was sick of seeing BMW's and Mercedes Benz's in the parking lot that Transportation Managers drove.

31. Upon information and belief, the BMW's and Mercedes Benz's were owned by Black Transportation Managers.

32. Plaintiff believed that D'Agostino's comments were racially motivated.

33. In or around February 2017, Leon Wakefield, Transportation Manager, began to sexually harass Plaintiff.

34. Wakefield forced Plaintiff to give him hugs when he saw her.

35. Wakefield made sexually inappropriate comments to Plaintiff, including, but not limited to, that he did not like her pants because it made her buttocks look flat and that her ponytail did something for him, or words to that effect.

36. In addition, Wakefield continuously asked Plaintiff out on dates.

37. In one particular instance, Wakefield tried to get Plaintiff to stay late when she was socializing with coworkers, so that he could get her drunk, or words to that effect.

38. Plaintiff repeatedly denied Wakefield's sexual harassment and told him to stop.

39. However, Wakefield continued to sexually harass Plaintiff throughout her employment.

40. Plaintiff did not report Wakefield's sexual harassment because she feared retaliation.

41. In or around May 2023, Wakefield was promoted to Transportation Assistant Director and thus became Plaintiff's supervisor.

42. Wakefield continued to aggressively pursue Plaintiff romantically and became angry with her denial of his sexual advances.

43. Wakefield nitpicked Plaintiff's work product and attempted to make it appear that Plaintiff was leaving early in retaliation for her denial of his sexual advances.

44. In October 2023, Plaintiff was involved in an automobile accident while she was at work.

45. As a result of the injuries she sustained, Plaintiff was placed on a medical leave of absence

for approximately one (1) month.

46. However, Plaintiff did not receive any payments regarding her leave.

47. When she spoke with the Insurance Adjustor, they informed her that D'Agostino had declined her claim because he did not believe that Plaintiff was actually injured and had instructed the Insurance Adjustor not to send her payment.

48. Upon information and belief, D'Agostino did not do this to Caucasian employees who were injured at work.

49. In or around early May 2024, Plaintiff reported Wakefield's sexual harassment and retaliation to Darryl Crawley, Transportation Assistant Director, as it had continued to escalate.

50. Crawley informed Plaintiff that he would bring her complaint to Taron Cain, Transportation Director.

51. Shortly afterwards, Plaintiff met with Cain and informed him of Wakefield's sexual harassment and retaliation.

52. Cain notified Plaintiff that Defendant would conduct an investigation.

53. In July 2024, Defendant's investigation resulted in Wakefield being in found in violation of sexual harassment.

54. However, Plaintiff still had to regularly encounter Wakefield at work, as his office was near where she worked in violation of Defendant's sexual harassment policy.

55. Following Plaintiff's complaint of sexual harassment, management overly scrutinized her work product and checked her car every day, which was not done to other Transportation Managers who had not reported sexual harassment.

56. On March 7, 2025, Plaintiff went to another area of Defendant in order to pick up files.

6

57. On March 31, 2025, Tynita Russell, Assistant Director, called Plaintiff into a meeting and questioned her about why she was in a different area of Defendant.

58. Plaintiff explained that she was picking up files.

59. On April 10, 2025, Russell called Plaintiff into the office for another meeting.

60. Russell proceeded to terminate Plaintiff for going to another area on March 7, 2025.

61. However, this was a common practice for Transportation Managers at Defendant.

62. Transportation Managers who frequently engaged in similar conduct and who had not reported sexual harassment and were not terminated, include, but are not limited to, Wakefield, Suzette Gordon, Vincent Last Name Unknown ("LNU") and Kyree LNU.

63. Defendant discriminated against Plaintiff due to her race, subjected her to sexual harassment and retaliated against her for reporting sexual harassment in violation of Title VII, the PHRA and the PFPO.

64. Defendant's acts and/or omissions were willful or with reckless disregard to Plaintiff's federal statutory rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a member of protected classes in that she is Black.

67. Plaintiff was qualified to perform the job for which she was hired.

68. Plaintiff suffered adverse job actions, including, but not limited to termination.

69. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

70. Circumstances exist related to the above-cited adverse employment actions that give rise to

an inference of discrimination.

71. Defendant discriminated against Plaintiff on the basis of race.

72. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

73. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

74. Defendant willfully violated, or violated due to gross recklessness, Plaintiff's federal statutorily-protected rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. The foregoing conduct by Defendant's constitutes unlawful discrimination against Plaintiff on the basis of her race (Black).

77. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RACE DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. The foregoing conduct by Defendant's constitutes unlawful discrimination against Plaintiff on the basis of her race (Black).

80. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – SEX DISCRIMINATION/SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

81. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

82. Plaintiff is a member of a protected class in that she is a woman.

83. Plaintiff was qualified to perform the job for which she was hired.

84. Defendant terminated Plaintiff's employment.

85. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. Defendant discriminated against Plaintiff on the basis of her sex.

88. Defendant treated male employees better than it treated Plaintiff.

89. The above actions by Defendant also constitute harassment based on Plaintiff's sex.

90. Defendant's conduct was intentional, pervasive, and based on Plaintiff's sex.

91. The harassment was pervasive.

92. A reasonable woman in Plaintiff's position would have found Defendant's conduct to be harassing in nature based on sex.

93. As a result of Defendant's unlawful sex harassment and/or discrimination, Plaintiff has

suffered damages as set forth herein.

94. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights

95. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – SEX DISCRIMINATION/SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## PENNSYLVANIA HUMAN RELATIONS ACT

96. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

97. Plaintiff is a member of a protected class in that she is a woman.

98. Plaintiff was qualified to perform the job for which she was hired.

99. Defendant terminated Plaintiff's employment.

100. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

101. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

102. Defendant discriminated against Plaintiff on the basis of her sex.

103. Defendant treated male employees better than it treated Plaintiff.

104. The above actions by Defendant also constitute harassment based on Plaintiff's sex.

105. Defendant's conduct was intentional, pervasive, and based on Plaintiff's sex.

106. The harassment was pervasive.

10

107.    A reasonable woman in Plaintiff's position would have found Defendant's conduct to be harassing in nature based on sex.

108.    As a result of Defendant's unlawful sex harassment and/or discrimination, Plaintiff has suffered damages as set forth herein.

109.    As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – SEX DISCRIMINATION/SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PHILADELPHIA FAIR PRACTICES ORDINANCE

110.    Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

111.    Plaintiff is a member of a protected class in that she is a woman.

112.    Plaintiff was qualified to perform the job for which she was hired.

113.    Defendant terminated Plaintiff's employment.

114.    Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

115.    No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

116.    Defendant discriminated against Plaintiff on the basis of her sex.

117.    Defendant treated male employees better than it treated Plaintiff.

118.    The above actions by Defendant also constitute harassment based on Plaintiff's sex.

119.    Defendant's conduct was intentional, pervasive, and based on Plaintiff's sex.

11

120.  The harassment was pervasive.

121.  A reasonable woman in Plaintiff's position would have found Defendant's conduct to be harassing in nature based on sex.

122.  As a result of Defendant's unlawful sex harassment and/or discrimination, Plaintiff has suffered damages as set forth herein.

123.  As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

124.  Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

125.  Plaintiff made internal complaints regarding sexual harassment and denied her supervisor's sexual advances.

126.  Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

127.  There exists a causal connection between Plaintiff's complaints of sexual harassment and her denial of her supervisor's sexual advances and the adverse employment action.

128.  Defendant terminated Plaintiff's employment as a result of her complaints and the denial of her supervisor's sexual advances.

129.  Defendant's acts and/or omissions were willful or with reckless disregard for her federal statutory rights.

130.  As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth

herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

131.   Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

132.   Plaintiff made internal complaints regarding sexual harassment and denied her supervisor's sexual harassment.

133.   Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

134.   There exists a causal connection between Plaintiff's complaints of sexual harassment and the denial of her supervisor's sexual advances and the adverse employment action.

135.   Defendant terminated Plaintiff's employment as a result of her complaints.

136.   As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IX – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

137.   Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

138.   Plaintiff made internal complaints regarding sexual harassment and denied her supervisor's sexual harassment.

139.   Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

13

140. There exists a causal connection between Plaintiff's complaints of sexual harassment and the denial of her supervisor's sexual advances and the adverse employment action.

141. Defendant terminated Plaintiff's employment as a result of her complaints.

142. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Amira Thomas, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA and the PFPO.

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and

14

documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW LLC**

Date: May 4, 2026

By:  */s/ David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

15